STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
MARCOS D. SASSO (State Bar No. 228905)
KELLY D. COCHRAN (State Bar No. 305788)
2029 Century Park East, Suite 1600
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile  310-556-5959
Email:    lacalendar@stroock.com

Attorneys for Defendant
  CITIBANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTUNATO LOPEZ JUAREZ, on behalf of himself, and all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>CITIBANK, N.A.,<br><br>            Defendant. | Case No. 3:16-cv-01984-WHO<br><br>[Assigned to the Hon. William H. Orrick]<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT CITIBANK, N.A. TO DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing Date and Time:**<br>**Date**: Wednesday, August 10, 2016<br>**Time**: 2:00 p.m.<br>**Dept.**: Courtroom 2, 17th Floor |

**TO THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on Wednesday, August 10, 2016 at 2:00 p.m., in Courtroom 2, 17th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Citibank, N.A. ("Citibank") will, and hereby does, move to dismiss the Complaint and each cause of action therein filed by plaintiff Fortunato Lopez Juarez ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) on the ground that Plaintiff lacks standing to assert the claims and/or each claim fails to state a claim upon which relief can be granted. In addition, Citibank moves to strike the proposed class definitions, pursuant to Federal Rule of Civil Procedure 12(f), because each proposed class is an impermissible "fail-safe" class. Specifically, Paragraphs 21-34, Item (f) of the Prayer and all other references to a "Class" or "member(s) of a proposed class" should be stricken.

First, Plaintiff lacks Article III standing to prosecute a claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). In Spokeo v. Robins, 136 S. Ct. 1540 (2016) ("Spokeo"), the United States Supreme Court recently confirmed that a plaintiff must allege facts demonstrating an "injury in fact" – that he or she actually suffered "an invasion of a legally protected interest" that is "concrete and particularized." As Spokeo instructs, a plaintiff who cannot make that showing lacks Article III standing to pursue federal statutory claims, even when a private right of action exists under the plain language of the statute. Critically, the Supreme Court confirmed: "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Spokeo, 136 S. Ct. at 1547-48. Here, Plaintiff alleges that Citibank contacted him in error on his cellular telephone during Citibank's attempt to collect a debt owed to it by a third party. Plaintiff, however, fails to allege any facts demonstrating that he suffered any concrete and particularized harm as a result of the calls he allegedly received. As a result, under Spokeo, Plaintiff lacks Article III standing, and the First and Second Claim for violation of the TCPA fail.

Second, the Third Claim for alleged violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. (the "Rosenthal Act"), fails for multiple reasons. As

- 1 -

CITIBANK'S MOTION TO DISMISS AND TO STRIKE
Case No. 3:16-cv-01984-WHO

LA 51991822

an initial matter, Plaintiff is not a "debtor" as that term is defined by 1788.2(h), since Plaintiff admits he is not a Citibank customer and he was contacted on his cellular telephone by Citibank during Citibank's attempt to collect a debt owed to it by a third party; thus, Plaintiff lacks standing under the Rosenthal Act.  In addition, the Third Claim fails as Plaintiff has failed to plead any facts to support his conclusory allegation that Citibank placed calls, or that the pattern of calls was done, with the intent to cause harassment, annoyance or oppression.  Instead, at best, the Third Claim amounts to nothing more than general allegations of causing a telephone to ring, which such allegations alone are insufficient under the Rosenthal Act.

Finally, the proposed subclasses are impermissible "fail-safe" classes because they are defined in terms of ultimate liability, i.e., class membership is based upon determining whether there is a violation of either the TCPA or Rosenthal Act.  Such class definitions are improper, and this Court should strike the proposed class definitions, pursuant to Federal Rule of Civil Procedure 12(f).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, such further papers as may be filed in connection with this Motion and such other evidence and arguments as may be presented to the Court prior to or at the hearing on this Motion.

Dated:  June 7, 2016                              Respectfully submitted,

                                                  STROOCK & STROOCK & LAVAN LLP
                                                  JULIA B. STRICKLAND
                                                  MARCOS D. SASSO
                                                  KELLY COCHRAN


                                                  By:         /s/ Marcos D. Sasso
                                                                Marcos D. Sasso

                                                  Attorneys for Defendant
                                                     CITIBANK, N.A.

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ALLEGATIONS OF THE COMPLAINT | 2 |
| III. | ARGUMENT | 3 |
| | A. Legal Standard | 3 |
| |    1. Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction | 3 |
| |    2. Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim | 4 |
| |    3. Rule 12(f) Motion To Strike | 5 |
| | B. Based On The Allegations Of The Complaint, Plaintiff Lacks Article III Standing. | 5 |
| | C. Plaintiff's Rosenthal Cause Of Action Fails As A Matter Of Law. | 6 |
| |    1. Plaintiff Lacks Standing To Assert A Claim Because Plaintiff Is Not A "Debtor" Under The Rosenthal Act. | 6 |
| |    2. Plaintiff Fails To State A Claim For Relief. | 7 |
| | D. The Proposed Class Definitions Are Improper "Fail-Safe" Classes And Should Be Stricken. | 9 |
| IV. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Allen v. Wright,
 468 U.S. 737 (1984) ............................................................................................................... 4

Arizonans for Official English v. Arizona,
 520 U.S. 43 (1997) ................................................................................................................. 3

Ash v. OneWest Bank, FSB,
 No. 2:09-CV-00974FCD/DAD, 2010 WL 375744 (E.D. Cal. Jan. 26, 2010) ....................... 8

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ............................................................................................................... 4

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) ............................................................................................................... 4

Brazil v. Dell Inc.,
 585 F. Supp. 2d 1158 (N.D. Cal. 2008) .............................................................................. 5, 8

DaimlerChrysler Corp. v. Cuno,
 547 U.S. 332 (2006) ............................................................................................................... 4

Davis v. Fed. Elec. Comm'n,
 554 U.S. 724 (2008) ............................................................................................................... 4

Dodd–Owens v. Kyphon, Inc.,
 No. 06–3988 JF, 2007 WL 420191 (N.D. Cal. Feb. 5, 2007) ................................................ 8

Fayer v. Vaughn,
 649 F.3d 1061 (9th Cir. 2011) ................................................................................................ 4

G.M. Sign, Inc. v. Franklin Bank, S.S.B.,
 No. 06 C 949, 2007 WL 4365359 (N.D. Ill. Dec. 13, 2007) .................................................. 9

Gates v. Wachovia Mortg., FSB,
 No. 2:09-CV-02464-FCDEFB, 2010 WL 2606511 (E.D. Cal. June 28, 2010) ..................... 8

Joseph v. J.J. Mac Intyre Cos., L.L.C.,
 238 F. Supp. 2d 1158 (N.D. Cal. 2002) ................................................................................. 8

Kacludis v. GTE Sprint Commc'ns Corp.,
 806 F. Supp. 866 (N.D. Cal. 1992) ........................................................................................ 4

Kamar v. RadioShack Corp.,
 375 Fed. Appx. 734 (9th Cir. 2010) ....................................................................................... 9

Onley v. Job.com, Inc.,
  No. 1:12–CV–01724–LJO, 2013 WL 5476813 (E.D. Cal. Sept. 30, 2013) ................................. 9

Peñalbert-Rosa v. Fortuño-Burset,
  631 F.3d 592 (1st Cir. 2011) ........................................................................................................ 4

People v. Persolve, LLC.,
  218 Cal. App. 4th 1267 (2013) ............................................................................................... 2, 7

Pugliese v. Prof. Recovery Serv., Inc.,
  No. 09-12262, 2010 WL 2632562 (E.D. Mich. June 29, 2010) ................................................. 8

Raines v. Byrd,
  521 U.S. 811 (1997) .................................................................................................................... 5

Randleman v. Fidelity Nat'l Title Ins. Co.,
  646 F.3d 347 (6th Cir.2011) .................................................................................................... 5, 9

Robertson v. Dean Witter Reynolds, Inc.,
  749 F.2d 530 (9th Cir. 1984) ...................................................................................................... 4

Saltzman v. I.C. Sys., Inc.,
  No. 09-10096, 2009 WL 3190359 (E.D. Mich. Sept. 30, 2009) ................................................. 8

Sanchez v. Client Servs., Inc.,
  520 F. Supp. 2d 1149 (N.D. Cal. 2007) ...................................................................................... 7

Sauter v. CVS Pharmacy, Inc.,
  No. 2:13–CV–846, 2014 WL 1814076 (S.D. Ohio May 7, 2014) .............................................. 9

Schmier v. U.S. Ct. of App. for the Ninth Cir.,
  279 F.3d 817 (9th Cir. 2002) ...................................................................................................... 3

Sidney–Vinstein v. A.H. Robins Co.,
  697 F.2d 880 (9th Cir.1983) ....................................................................................................... 5

Snyder v. Nationstar Mortg. LLC,
  No. 15-CV-03049-JSC, 2015 WL 7075622 (N.D. Cal. Nov. 13, 2015) ..................................... 7

Spokeo, Inc. v. Robins,
  136 S. Ct. 1540 (2016) ....................................................................................................... 1, 5, 6

Tucker v. The CBE Grp., Inc.,
  710 F. Supp. 2d 1301 (M.D. Fla. 2010) ..................................................................................... 8

Velasquez v. HSBC Fin. Corp.,
  No. 08–4592 SC, 2009 WL 112919 (N.D. Cal. Jan. 16, 2009) .................................................. 9

White v. Lee,
  227 F.3d 1214 (9th Cir. 2000) .................................................................................................... 4

Young v. Nationwide Mut. Ins. Co.,
    693 F.3d 532 (6th Cir.2012) ................................................................................5, 9

**Statutes**

47 U.S.C. § 227, et seq. ........................................................................................*passim*

Cal. Civ. Code § 1788, et seq. ..............................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 12 .................................................................................................*passim*

U.S. Const. Art. III, § 2, cl. 1........................................................................1, 3, 5, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

By his Complaint, plaintiff Fortunato Lopez Juarez ("Plaintiff") asserts that defendant Citibank, N.A. ("Citibank") called his cellular telephone through the use of an automatic telephone dialing system in an effort to collect an alleged consumer credit card debt owed by another person. Indeed, Plaintiff makes clear that he is not a Citibank customer and that the debt was incurred by someone else. Based on these allegations, Plaintiff asserts three claims against Citibank: (1) for alleged willful and negligent violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") (the First and Second Claims), and (2) alleged violations of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.11, et seq. ("Rosenthal Act"). Plaintiff asserts these claims on his own behalf and on behalf of a putative class of similarly situated persons. However, Plaintiff's Claims fail as fully set forth below.

First, Plaintiff does not allege facts sufficient to establish Article III standing. On May 16, 2016, the United States Supreme Court decided Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016) ("Spokeo"), holding that a plaintiff may not sue to recover statutory damages in the absence of a showing of concrete harm. In so doing, the Court vacated a decision of the Ninth Circuit that broadly permitted claims for statutory damages to go forward, even in the absence of actual injury. Here, Plaintiff asserts claims under the TCPA, claiming to have suffered "violations of their statutory rights" based on calls made to his cell phone, but Plaintiff fails to allege any facts demonstrating that such calls caused any actual concrete injury to Plaintiff. Accordingly, under Spokeo, and settled law, Plaintiff lacks Article III standing under the United States Constitution, and the First and Second Claim should be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

Second, the Third Claim for violation of the Rosenthal Act fails for multiple reasons. As an initial matter, Plaintiff lacks standing under the Rosenthal Act because he is not a "debtor" under the Rosenthal Act. It is undisputed that "[o]nly the person who owes the debt or is otherwise obligated to pay the debt has standing to assert violations under the [Rosenthal] Act." People v.

Persolve, LLC., 218 Cal. App. 4th 1267, 1272 n.1 (2013).  Based on the Complaint's allegations that Plaintiff was contacted by Citibank to collect a debt that Plaintiff did not owe, but in fact belonged to someone else, Plaintiff fails to satisfy the Rosenthal Act's standing requirement.  In addition, even if Plaintiff did have standing under the Rosenthal Act, the Complaint lacks facts to support Plaintiff's conclusory allegation that Citibank placed calls, or that the pattern of calls was done, with the intent to cause harassment, annoyance or oppression.  Thus, the Third Claim fails to state a claim for which relief could be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Finally, the proposed classes are impermissible "failsafe" classes because they are defined in terms of ultimate liability, i.e., to determine class membership requires a determination of whether the calls were made without "prior express consent" under the TCPA or whether the calls received by Plaintiff and the alleged putative class were annoying or harassing and/or contained threats and, therefore, violate the Rosenthal Act.  It is well settled that a proposed class definition cannot turn on the merits of the underlying legal dispute, but rather must be based on objective characteristics.  Accordingly, the proposed class definitions (including Paragraphs 21-34, Item (f) of the Prayer and all other references to a "Class" or "member(s) of a proposed class") should be stricken, pursuant to Federal Rule of Civil Procedure 12(f).

Based on the foregoing, the Motion should be granted in its entirety.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, beginning in March 2016, Citibank contacted him on his cellular telephone in an attempt to collect on a credit card account issued by Citibank. (Complaint ("Compl.") at ¶ 1.)  Plaintiff alleges that he did not provide prior express to receive calls, and prior to receiving the calls, "had no contact or relationship with [Citibank]." (Id.)  Plaintiff alleges receiving 42 calls, and alleges receiving calls after requesting that calls stop and informing Citibank that he was not the individual they were attempting to contact. (Id. at 1, 2, 16.)  Critically here, Plaintiff does not allege any facts to establish that he suffered any concrete injury or damage as a result of the telephone calls.

Based on the foregoing, Plaintiff purports to assert claims for violation of the TCPA (the First and Second Claim) and Rosenthal Act (the Third Claim), on his behalf and on behalf of four subclasses: (1) a "Robocall" class defined as persons who received calls to a cellular or residential telephone for whom Citibank "had no record of prior express written consent" made with an artificial or prerecorded voice; (2) an "Autodialer" class defined as persons that received a call on a cellular telephone for whom Citibank "had no record of prior express written consent" made with an automatic telephone dialing system as defined under the TCPA; (3) an "Internal Do-Not-Call List" class defined as persons called by Citibank after such persons notified Citibank that they no longer wished to receive calls made with an artificial or prerecorded voice or an automatic telephone dialing system under the TCPA; and (4) a "Rosenthal Act" class defined as persons who received "harassing, oppressive or abusive calls," including repeated calls to annoy or harass, calls at times in violation of curfew, threats to take any action that cannot be legally taken or representations or implications that nonpayment will result in arrest or imprisonment.[1] (Compl., ¶¶ 22, 24, 26, 28.)

Based on the foregoing, Plaintiff seeks statutory damages of $500 to $1,500 under the TCPA, and statutory and actual damages under the Rosenthal Act. (Id., ¶¶ 40, 45, 51.)

## III.   ARGUMENT

### A.   Legal Standard

#### 1.   Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction

Article III of the United States Constitution restricts federal court jurisdiction to resolving "cases and controversies" and "[s]tanding to sue or defend is an aspect of the case or controversy requirement." Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997); U.S. Const. Art. III, § 2, cl. 1. The party seeking to invoke the jurisdiction of the federal courts has the burden of alleging specific facts to satisfy the three elements of constitutional standing. Schmier v. U.S. Ct. of App. for the Ninth Cir., 279 F.3d 817, 821 (9th Cir. 2002). The plaintiff must establish (1) a

---

[1] Hereafter, the Robocall, the Autodialer and Internal Do-Not-Call List classes are referred to as the "TCPA Classes."

- 3 -

legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress.  Id.  Importantly, under Rule 12(b)(1), a defendant may challenge a plaintiff's standing in a motion to dismiss for "lack of subject-matter jurisdiction." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  Additionally, a plaintiff is required to establish "'standing for each claim he seeks to press' and 'for each form of relief that is sought.'" Davis v. Fed. Elec. Comm'n, 554 U.S. 724, 734 (2008) (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006)).  This analysis requires "careful judicial examination of a complaint's allegations." Allen v. Wright, 468 U.S. 737, 752 (1984).

### 2. Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim

Under Rule 12(b)(6), a "complaint may be dismissed as a matter of law for two reasons:  (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable theory." Kacludis v. GTE Sprint Commc'ns Corp., 806 F. Supp. 866, 870 (N.D. Cal. 1992) (quoting Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully" and, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 556-7).  Moreover, "[a]lthough factual allegations are taken as true, [a court] do[es] not 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.' . . . Therefore, 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.'" Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted; emphasis added); see also Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 557 n.5) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'").

- 4 -
CITIBANK'S MOTION TO DISMISS AND TO STRIKE
Case No. 3:16-cv-01984-WHO

LA 51991822

### 3. Rule 12(f) Motion To Strike

Under Rule 12(f), a party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). As pertinent here, a "class definition is impermissible where it is a 'fail-safe' class, that is, a class that cannot be defined until the case is resolved on its merits." See Young v. Nationwide Mut. Ins. Co., 693 F.3d 532, 538 (6th Cir.2012) (citing Randleman v. Fidelity Nat'l Title Ins. Co., 646 F.3d 347, 352 (6th Cir.2011)). Put differently, a "fail-safe" class is not ascertainable until a finding of liability in the plaintiff's favor. See Brazil v. Dell Inc., 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008). A court may strike a class definition, even at the pleading stage, on the basis that the class definition creates a fail-safe class. Id. (striking the class definition in a claim under the California False Advertising Law, where the class was in part defined as all persons who purchased products from Dell that Dell "falsely advertised as discounted").

### B. Based On The Allegations Of The Complaint, Plaintiff Lacks Article III Standing.

As stated by the Supreme Court in Spokeo, "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy" and the "doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." Spokeo, 136 S. Ct. at 1547. Importantly, "[i]njury in fact is a constitutional requirement, and 'it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Id. at 1547-48 (citing Raines v. Byrd, 521 U.S. 811, 820, n. 3 (1997)).

In Spokeo, plaintiff alleged a violation of the Fair Credit Reporting Act by alleging that defendant disseminated allegedly inaccurate credit information about plaintiff on its website. Spokeo, 136 S. Ct. at 1544. After the District Court dismissed plaintiff's claims, holding that plaintiff had not properly pleaded injury in fact as required by Article III, the Ninth Circuit

- 5 -

reversed, finding that plaintiff had adequately alleged an injury in fact based on allegations that defendant violated plaintiff's "statutory rights" and that plaintiff's "personal interests in the handling of his credit information are individualized." Id. at 1544-46. The Supreme Court vacated and remanded, holding that the "injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete *and* particularized;'" the Ninth Circuit's analysis was "incomplete" because it focused on "particularity" without first examining "concreteness." Id. at 1545 (citation omitted; emphasis in original).

As pertinent here, Spokeo makes clear that Article III standing requires a concrete injury even in the context of a statutory violation:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation.

Spokeo, 136 S. Ct. at 1549 (emphasis added).

Here, Plaintiff does not allege any facts demonstrating any concrete injury with respect to the calls he allegedly received from Citibank in error. As Spokeo instructs, absent allegations of concrete harm as a result of such calls, Plaintiff lacks Article III standing to assert a claim under the TCPA. Accordingly, the First and Second Claim under the TCPA should be dismissed, pursuant to Rule 12(b)(1).

**C.     Plaintiff's Rosenthal Cause Of Action Fails As A Matter Of Law.**

Plaintiff alleges that Citibank, in contacting him on his cellular telephone in an attempt to collect a debt owed by a third party, violated the Rosenthal Act. Plaintiff also alleges that Citibank violated the Rosenthal Act based on the frequency of the calls he received. As discussed below, Plaintiff's Third Claim fails and should be dismissed.

**1.     Plaintiff Lacks Standing To Assert A Claim Because Plaintiff Is Not A "Debtor" Under The Rosenthal Act.**

Initially, Plaintiff lacks standing to prosecute an action against Citibank for violation of the Rosenthal Act. Although the Rosenthal Act prohibits a person from engaging in various actions in

an attempt to collect a debt, recovery under the Rosenthal Act is limited to a "debtor." See Cal. Civ. Code §§ 1788.30(a) and (b). The Rosenthal Act defines a debtor as "a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person." Cal. Civ. Code § 1788.2(h). As a result, in order to prosecute a cause of action for violation of the Rosenthal Act, the plaintiff must be the person who actually or allegedly owes the debt at issue. See Sanchez v. Client Servs., Inc., 520 F. Supp. 2d 1149, 1155 n.3 (N.D. Cal. 2007) (holding that the daughter of a "debtor" lacked standing to prosecute causes of action for violations of the Rosenthal Act and FDCPA as "it is undisputed that [the daughter] did not owe the debt or was otherwise obligated to pay the debt."); see also Persolve, LLC., 218 Cal. App. 4th at 1272 n.1 (holding that "[o]nly the person who owes the debt or is otherwise obligated to pay the debt has standing to assert violations under the [Rosenthal Act] and the [FDCPA].").

In the Complaint, Plaintiff alleges that prior to receiving the phone calls, he "had no contact or relationship with" Citibank. (Complaint, ¶ 1.) Thus, based on the allegations of the Complaint, Plaintiff does not owe any debt to Citibank and, conversely, would not be a "debtor" under the Rosenthal Act. Thus, based on his own allegations, Plaintiff did not owe a debt to Citibank and therefore lacks standing to prosecute an alleged violation of the Rosenthal Act against Citibank.

### 2. Plaintiff Fails To State A Claim For Relief

Even if Plaintiff – a non-debtor – had standing under the Rosenthal Act, the Complaint lacks sufficient factual matter to "state a claim for relief" under the Rosenthal Act. The Third Claim is predicated on alleged violations of Sections 1788.11 (d) and (e) of the Rosenthal Act, which preclude a "debt collector" from causing a telephone to "ring repeatedly or continuously to annoy" and from communicating with the "debtor" with "such frequency as to be unreasonable and to constitute an harassment." (Complaint, ¶ 49.) The Third Claim also is based upon alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), as incorporated by the Rosenthal Act. (Id., ¶ 50.)

Here, the Complaint's allegations amount to nothing more than general allegations of causing a telephone to ring. There are no allegations regarding the content of any call, including that any calls were accompanied by abusive or threatening messages. The number of calls placed

- 7 -

alone is not sufficient and cannot itself constitute harassment. See, e.g., Snyder v. Nationstar Mortg. LLC, No. 15-CV-03049-JSC, 2015 WL 7075622, at *7 (N.D. Cal. Nov. 13, 2015) ("A plaintiff must allege more than a defendant's 'communications' or a 'high volume of phone calls' to state a claim under the RFDCPA.") (internal citation omitted); Gates v. Wachovia Mortg., FSB, No. 2:09-CV-02464-FCDEFB, 2010 WL 2606511, at *4 (E.D. Cal. June 28, 2010) (dismissing RFDCPA claim, holding "plaintiff's assertion that [defendant] 'repeatedly called' plaintiff does not by itself constitute a violation of the RFDCPA."); Ash v. OneWest Bank, FSB, No. 2:09-CV-00974FCD/DAD, 2010 WL 375744, at *7 (E.D. Cal. Jan. 26, 2010) ("A 'high volume of phone calls and written correspondence' does not by itself constitute a violation of the RFDCPA.") (internal citation omitted); Joseph v. J.J. Mac Intyre Cos., L.L.C., 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002) ("Whether there is actionable harassment or annoyance [under the FDCPA and RFDCPA] turns not only on the volume of calls made, but also on the pattern of calls."); see also Pugliese v. Prof. Recovery Serv., Inc., No. 09-12262, 2010 WL 2632562, at *9-10 (E.D. Mich. June 29, 2010) (where debt collector placed 350 calls to debtor over eight-month period, but collector had never engaged in abusive conversation, concluding that such efforts were legitimate, if persistent, and did not violate the FDCPA); Saltzman v. I.C. Sys., Inc., No. 09-10096, 2009 WL 3190359, at *7 (E.D. Mich. Sept. 30, 2009) (granting summary judgment to defendant because "a debt collector does not necessarily engage in harassment by placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages"); Tucker v. The CBE Grp., Inc., 710 F. Supp. 2d 1301 (M.D. Fla. 2010) (holding it was NOT reasonable to infer an intent to harass where the defendant made 57 calls to the plaintiff over an unspecified period, including 7 calls in one day).

Accordingly, the Third Claim fails to state a claim for relief, as the Complaint lacks facts demonstrating that Citibank placed calls, or that the pattern of calls was done, with the intent to cause harassment, annoyance or oppression.

- 8 -
CITIBANK'S MOTION TO DISMISS AND TO STRIKE
Case No. 3:16-cv-01984-WHO

LA 51991822

### D. The Proposed Class Definitions Are Improper "Fail-Safe" Classes And Should Be Stricken.

As discussed, a court may strike a class definition, even at the pleading stage, on the basis that the class definition creates a fail-safe class. See Brazil, 585 F. Supp. 2d at 1167; Dodd–Owens v. Kyphon, Inc., No. 06–3988 JF, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007) (striking the words "who have experienced gender discrimination" from a class definition on the ground that it created a "fail-safe class"). A "fail-safe" class is one "that cannot be defined until the case is resolved on its merits." Young, 693 F.3d at 538 (citing Randleman, 646 F.3d at 352). A "fail-safe" class "includes only those who are entitled to relief" and such a "class is prohibited because it would allow putative class members to seek a remedy but not be bound by an adverse judgment— either those 'class members win or, by virtue of losing, they are not in the class' and are not bound." Id. (quoting Randleman, 646 F.3d at 352); Velasquez v. HSBC Fin. Corp., No. 08–4592 SC, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009) ("[f]ail-safe classes are defined by the merits of their legal claims, and are therefore unascertainable prior to a finding of liability in the plaintiffs' favor").

Here, the proposed classes are impermissible "fail-safe" classes:  (1) the TCPA Classes are defined in terms of whether the calls were made with "prior express consent," i.e., calls to persons "for whom Defendants had no record or prior express consent" and/or persons called after notifying "Defendants" they "no longer wished to receive calls;" and (2) the Rosenthal Act Class are defined in terms of whether the calls were "harassing, oppressive or abusive," made "in violation of curfew" and/or were accompanied by "threats," "representations or implications that nonpayment" would result in arrest or imprisonment. (Compl., ¶¶ 22, 24, 26, 28.) Both Classes are "defined in a way that precludes membership unless the liability of the defendant is established." Kamar v. RadioShack Corp., 375 Fed. Appx. 734, 736 (9th Cir. 2010). Both Classes require the Court to legally conclude whether calls were made without "prior express consent" (and, thus, violate the TCPA) or whether calls were "harassing, oppressive or abusive" (and, thus, violate the Rosenthal Act). Accordingly, the TCPA and Rosenthal Act Classes should be stricken from the Complaint. See, e.g., Onley v. Job.com, Inc., No. 1:12–CV–01724–LJO, 2013 WL 5476813, at *11 (E.D. Cal.

- 9 -

LA 51991822

Sept. 30, 2013) (striking class definition as "fail-safe" because it was restricted to persons who did not expressly consent to receive calls); Sauter v. CVS Pharmacy, Inc., No. 2:13–CV–846, 2014 WL 1814076, at *8 (S.D. Ohio May 7, 2014) (same); see also G.M. Sign, Inc. v. Franklin Bank, S.S.B., No. 06 C 949, 2007 WL 4365359, at *3 (N.D. Ill. Dec. 13, 2007) (striking class definition in a TCPA claim where class included persons who were sent an "unlawful fax message" and for whom the defendant "cannot provide evidence of ... permission or invitation for the fax to be sent").

## IV.   CONCLUSION

For each of the foregoing reasons, Citibank respectfully requests that the Court grant the Motion in its entirety.

Dated:  June 7, 2016

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO
KELLY COCHRAN


By:   */s/ Marcos D. Sasso*
            Marcos D. Sasso

Attorneys for Defendant
    CITIBANK, N.A.

LA 51991822

# CERTIFICATE OF SERVICE

I hereby certify that, on June 7, 2016, copies of the foregoing **NOTICE OF MOTION AND MOTION OF DEFENDANT CITIBANK, N.A. TO DISMISS AND TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES** were filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

By: *ial /s/ Marcos D. Sasso*
Marcos D. Sasso

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51991822

CITIBANK'S MOTION TO DISMISS AND TO STRIKE
Case No. 3:16-cv-01984-WHO